UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| PATRICIA DURAN | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| AMERICAN NATIONAL INSURANCE | § | |
| COMPANY | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Patricia Duran, Plaintiff, complaining of American National Insurance Company, Defendant, and for cause of action would respectfully show the Court as follows:

1. Plaintiff is a citizen of the United States and a resident of the State of Texas.

2. Defendant is an insurance company that operates nationally, including in Abilene, Texas. Defendant may be served with process by service upon James Edward Pozzi, its president, at its national office, 1 Moody Plaza, Galveston, Texas 77550.

3. Plaintiff brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 et seq. (hereinafter referred to as "ADA").

4. This Court has jurisdiction of this action pursuant to 42 U.S.C. §12117 and 28 U.S.C. §1331.

5. Venue is proper in the Northern District of Texas under 28 U.S.C. §1391(b).

6. Plaintiff was employed by Defendant from mid-December 2018 until she was fired on or about May 21, 2019.  At the time she was fired, Plaintiff was employed by Defendant as an agent earning $600.00 per week plus commissions.

7.      Plaintiff worked for Defendant through its Abilene, Texas office. During her employment, however, Plaintiff resided in Snyder, Texas approximately eighty miles outside of Abilene. Plaintiff worked remotely in Snyder and would drive twice a week to the Abilene office to drop off payments or documents.

8.      The most direct route from Snyder to Abilene included a roughly fifty mile stretch on Interstate 20. Shortly after Plaintiff began working for Defendant, she was the victim of a serious crime at a location that was on the Interstate 20 route. In February 2019, Plaintiff was diagnosed with post traumatic stress disorder ("PTSD") as a result of the December incident. The PTSD suffered by Plaintiff significantly affected Plaintiff and constitutes a disability under the ADA. Plaintiff suffered severe impacts whenever she had to drive by the crime scene. As a result, Plaintiff requested an accommodation in order to allow her to not have to drive by the location of the incident. In April 2019, Plaintiff and her supervisor agreed that she would drive a different route from Snyder to Abilene in order to avoid having to drive on Interstate 20.

9.      Shortly after Plaintiff agreed to travel to Abilene by a different route, her supervisor told her she should take disability leave. Plaintiff was concerned about applying for leave because she was afraid it might cause her to lose her job. Her supervisor repeatedly assured her that her job would be safe and gave her the forms she needed to make the claim. He also suggested she look for a temporary job in Snyder to avoid the travel. In May 2019, Plaintiff applied for short term disability as directed by her supervisor and was tentatively approved on May 6, 2019. On May 10, 2019, Defendant, through its benefits claims department, denied the disability claim on the grounds that her disability was diagnosed in February 2019 prior to the start date for the disability benefits she had applied for and the condition was, thus, an excluded pre-existing condition under the plan. Plaintiff immediately contacted her supervisor and asked to return to work. He told her to follow

up on the disability claim. The claims department again stated the claim had been denied. Around that same time, Plaintiff received notice that she had been fired from her job. Plaintiff immediately called her supervisor and reminded him that she wanted to return to work and that he had told her that her job would be safe if she applied for the disability benefits. Her supervisor referred her to the area manager. The area manager told Plaintiff that there were some forms missing from her disability packet and for her to simply submit the forms and reapply for employment. He gave her the necessary forms to reapply as well as the forms to send for the disability claim. Plaintiff submitted all of the forms as requested. After submitting the forms, Plaintiff was again told that the disability claim was denied and that she was no longer employed by Defendant.

10. By its conduct of having Plaintiff pursue a disability claim rather than allowing her to return to work, and then firing and refusing to rehire Plaintiff after Defendant's benefits department denied the claim on procedural grounds, Defendant has wrongfully discriminated against Plaintiff under the ADA. Plaintiff repeatedly told Defendant that he was ready and willing to work even with her disability. Defendant pushed Plaintiff to apply for disability benefits instead of returning to work. Defendant then fired Plaintiff after her disability claim was denied.

11. The unlawful conduct of Defendant, as described above, has caused and will continue to cause Plaintiff harm. As a result of Defendant's conduct, Plaintiff has suffered significant damages in the form of lost wages and benefits, mental anguish, stress and other economic and non-economic damages. Plaintiff is entitled to recover such from Defendant, as well as punitive damages, interest, and such other and further equitable or relief that the Court deems appropriate, for which claim is hereby made.

12. Plaintiff is also entitled to recover from Defendant reasonable attorney's fees and other litigation expenses, for which claim is hereby made.

WHEREFORE, Plaintiff prays that Defendant be served with and answer the claims asserted herein and that, on final trial, Plaintiff be awarded judgment against Defendant for actual damages, punitive damages, equitable relief, prejudgment and post-judgment interest as allowed by law, attorney's fees, cost of court and such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

JOHNSTON & MILLER
Attorneys at Law
1212 13th Street, Suite 101
Lubbock, Texas 79401
Phone:  (806) 785-1499
Fax:  (806) 762-6901
Email: jcraig@nts-online.net


By:     /s/ J. Craig Johnston
        J. Craig Johnston
        State Bar No. 00787784

ATTORNEYS FOR PLAINTIFF


## JURY DEMAND

Plaintiff respectfully requests a Jury Trial.


By:      /s/ J. Craig Johnston
         J. Craig Johnston